UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
THOMAS P.,                          )
                                    )
        Plaintiff,                  )   C.A. No. 17-337 WES
                                    )
    v.                              )
                                    )
NANCY A. BERRYHILL, Acting          )
Commissioner, Social Security       )
Administration,                     )
                                    )
        Defendant.                  )
_____ )

**ORDER**

WILLIAM E. SMITH, Chief Judge.

Magistrate Judge Patricia A. Sullivan filed a Report and Recommendation ("R. & R.") (ECF No. 14) in this case, recommending the Court deny Plaintiff's Motion to Reverse the Decision of the Commissioner (ECF No. 8) and grant Defendant's Motion for an Order Affirming the Commissioner's Decision (ECF No. 12).

Plaintiff objected to the R. & R. (ECF No. 15), pressing again his argument that a case from the Ninth Circuit Court of Appeals, Disastio v. Shalala, 47 F.3d 348, 349–350 (9th Cir. 1995), has a better view of the relationship between vocational-expert testimony and a claimant's residual functional capacity than that enunciated in a case from the Sixth Circuit, Anderson v. Comm'r of Soc. Sec., 406 F. App'x 32, 36 (6th Cir. 2010), which was recently followed by a court in the First Circuit, Foxworth v. Colvin, 249 F. Supp. 3d 585, 589–90 (D. Mass. 2017).

After review of the arguments on both sides, the Court agrees with the reasoning provided by Magistrate Judge Sullivan, and therefore adopts her recommended disposition. Plaintiff's Motion (ECF No. 8) is DENIED, and Defendant's Motion (ECF No. 12) is GRANTED.

IT IS SO ORDERED.

*/s/ William E. Smith*
William E. Smith
Chief Judge
Date:   September 26, 2018

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THOMAS P.,  :
      Plaintiff,  :
  :
v.  :    C.A. No. 17-337WES
  :
NANCY A. BERRYHILL, ACTING  :
COMMISSIONER OF SOCIAL SECURITY,  :
      Defendant.  :

# REPORT AND RECOMMENDATION

PATRICIA A. SULLIVAN, United States Magistrate Judge.

      The matter is before the Court on Plaintiff Thomas P.'s motion to reverse the Commissioner's decision denying Disability Insurance Benefits ("DIB") under 42 U.S.C. § 405(g) of the Social Security Act (the "Act"). Plaintiff claims that the Step-Five finding of the Administrative Law Judge ("ALJ") is erroneous because it relies on a significant misstatement of the testimony of the Vocational Expert ("VE") regarding the number of jobs at the light exertion level available in the national economy that Plaintiff could perform based on his residual functional capacity of less than the full range of light work. In light of that error, Plaintiff further argues that the ALJ should have found Plaintiff disabled under Medical-Vocational Guideline 201.14 beginning on the day when he turned 50 because, apart from the light job tainted by error, the VE's testimony established only jobs at the sedentary exertion level. Defendant Nancy A. Berryhill ("Defendant") has filed a motion for an order affirming the Commissioner's decision.

      The matter has been referred to me for preliminary review, findings and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having reviewed the record, I find that the ALJ's findings are sufficiently supported by substantial evidence and that his error in inflating the number of available jobs at the light exertional level in the national economy is harmless.

Accordingly, I recommend that Plaintiff's Motion to Reverse the Decision of the Commissioner (ECF No. 8) be DENIED and Defendant's Motion for an Order Affirming the Commissioner's Decision (ECF No. 12) be GRANTED.

I.     **Background**

After being disabled for several years ending in January 2011, Tr. 160, Plaintiff returned to work and, until February 2014, was employed as a machine operator and maintenance/cleaner. Id. Based on the instant application, which was filed on September 23, 2014, the ALJ found that Plaintiff has suffered from an array of severe impairments, including left knee osteoarthritis, neuropathy, asthma, degenerative disc disease of the cervical and lumbar spine, borderline intellectual functioning and depression. Tr. 14. In a decision that carefully analyzes the medical, opinion and other evidence of record, the ALJ found that, throughout the period in issue, Plaintiff retained the residual functional capacity ("RFC")[1] to perform less than the full range of light work[2] in that he was found to be limited to standing and walking "for about three hours in an eight-hour workday," with only occasional pushing and pulling with the left leg and with other limitations caused by mental impairments and asthma. Tr. 17. Based on this RFC and the VE's testimony, at Step Four, the ALJ concluded that Plaintiff cannot perform his past relevant work. Tr. 22. Then, at Step Five, the ALJ found that Plaintiff was not disabled during the period in issue because his RFC permitted him to make a successful adjustment to other work that exists in

---

[1] Residual functional capacity is "the most you can still do despite your limitations," taking into account "[y]our impairment(s), and any related symptoms, such as pain, [that] may cause physical and mental limitations that affect what you can do in a work setting." 20 C.F.R. § 404.1545(a)(1).

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

sufficient numbers in the national economy, including one unskilled light job (foot press operator) and several unskilled sedentary jobs (assembler, packager, and inspector). Tr. 22-23.

## II. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – that is, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (per curiam); Rodriguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981); Brown v. Apfel, 71 F. Supp. 2d 28, 30 (D.R.I. 1999). Once the Court concludes that the decision is supported by substantial evidence, the Commissioner must be affirmed, even if the Court would have reached a contrary result as finder of fact. Rodriguez Pagan v. Sec'y of Health & Human Servs., 819 F.2d 1, 3 (1st Cir. 1987); see also Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991); Lizotte v. Sec'y of Health & Human Servs., 654 F.2d 127, 128 (1st Cir. 1981). The determination of substantiality is based upon an evaluation of the record as a whole. Brown, 71 F. Supp. 2d at 30; see also Frustaglia v. Sec'y of Health & Human Servs., 829 F.2d 192, 195 (1st Cir. 1987); Parker v. Bowen, 793 F.2d 1177, 1180 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied). Thus, the Court's role in reviewing the Commissioner's decision is limited. Brown, 71 F. Supp. 2d at 30. The Court does not reinterpret the evidence or otherwise substitute its own judgment for that of the Commissioner. Id. at 30-31 (citing Colon v. Sec'y of Health & Human Servs., 877 F.2d 148, 153 (1st Cir. 1989)). "[T]he resolution of conflicts in the evidence is for the Commissioner, not the courts." Id. at 31 (citing Richardson v. Perales, 402 U.S. 389, 399 (1971)).

**III.     Disability Determination**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 416(I); 20 C.F.R. § 404.1505.  The impairment must be severe, making the claimant unable to do previous work, or any other substantial gainful activity which exists in the national economy.  42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-1511.

The ALJ must follow five steps in evaluating a claim of disability.  See 20 C.F.R. § 404.1520.  First, if a claimant is working at a substantial gainful activity, the claimant is not disabled.  20 C.F.R. § 404.1520(b).  Second, if a claimant does not have any impairment or combination of impairments that significantly limit physical or mental ability to do basic work activities, then the claimant does not have a severe impairment and is not disabled.  20 C.F.R. § 404.1520(c).  Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Appendix 1, the claimant is disabled.  20 C.F.R. § 404.1520(d).  Fourth, if a claimant's impairments do not prevent doing past relevant work, the claimant is not disabled.  20 C.F.R. § 404.1520(e)-(f).  Fifth, if a claimant's impairments (considering RFC, age, education and past work) still permit him/her to perform other work, a finding of not disabled is warranted, 20 C.F.R. § 404.1520(g), provided that jobs representing such "other work" must exist in significant numbers in the national economy, either in the region where the claimant lives or in several regions in the country.  20 C.F.R. § 404.1560(c)(1).

Significantly, the claimant bears the burden of proof at Steps One through Four, but the Commissioner bears the burden at Step Five.  Wells v. Barnhart, 267 F. Supp. 2d 138, 144 (D. Mass. 2003) (five step process applies to both DIB and SSI claims).  That is, once the ALJ finds

4

that a claimant cannot return to the prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work, as well as that such other work exists in the regional or national economy.  Seavey v. Barnhart, 276 F.3d 1, 5 (1st Cir. 2001).  To meet this burden, the ALJ must develop a full record regarding the vocational opportunities available to a claimant.  Allen v. Sullivan, 880 F.2d 1200, 1201 (11th Cir. 1989).  This burden may sometimes be met through reliance on the Medical-Vocational Guidelines (the "Grids").  Seavey, 276 F.3d at 5.  However, reliance on the Grids is not appropriate when a claimant is unable to perform a full range of work at a given RFC or when a claimant has a non-exertional impairment that significantly limits basic work skills.  Nguyen v. Chater, 172 F.3d 31, 36 (1st Cir. 1999).

**IV.    Analysis**

The focus of Plaintiff's motion is entirely on the ALJ's Step Five analysis, which is the stage when the Commissioner carries the burden of showing that there are other jobs in the economy that the claimant can perform.  Goodermote v. Sec'y of Health & Human Servs., 690 F.2d 5, 7 (1st Cir. 1982).  He contends that the ALJ committed a significant error when he made the following finding:

> The vocational expert testified that . . . the individual would be able to perform the requirements of representative unskilled occupations such as at the unskilled/light exertional level of a foot press operator, with about 500 positions in the Rhode Island/Southeastern, Massachusetts regional economy and 80,000 positions in the nation.

Tr. 23 (emphasis added).  Plaintiff argues that this error is consequential because, without the light position tainted by the error, the ALJ's decision is based only on sedentary jobs.  Pointing to a controversial decision from the Ninth Circuit, Distasio v. Shalala, 47 F. 3d 348 (9th Cir. 1995), and to the undisputed proposition that, if his RFC squarely limited him to sedentary work,

5

a finding of disability (commencing when he attained the age of 50) would result from application of the Grids,[3] he asks the Court to remand the matter for further proceedings.

Plaintiff is right that the ALJ made a serious error in finding 80,000 to be the number of national foot press operator positions. After correction by audit of the hearing transcript,[4] the parties do not dispute that the VE's actual testimony regarding available light jobs in the national economy was "nationally, 8,000 in the United States." Corr. Tr. 55 (emphasis supplied). While acknowledging that the ALJ correctly found 500 light jobs available in the regional economy, Plaintiff argues that such an error requires remand because it leaves without evidentiary support the ALJ's critical finding that "other work . . . exists in significant numbers in the national economy." Tr. 23 (emphasis added). In support of this argument, Plaintiff marshals this Court's decision in Cabreja v. Astrue, C.A. No. 11-130-ML, 2012 WL 272746 (D.R.I. Jan. 27, 2012), which holds that, despite an untainted finding of a number of regional jobs, remand was required because the ALJ's determination was not based on the regional work, but rather relied only on the finding that there were a "significant number of suitable jobs in the national economy." Id. at *5-6 (emphasis added). Notably, the Cabreja ALJ made a similar mistake to that made by the ALJ here, in that the vocational expert testified to 16,566 jobs while the decision reflects 600,566 jobs; this error left the finding of a significant number of jobs in the national economy unsupported by substantial evidence because it "was based on an erroneous figure that varied

---

[3] The parties do not dispute that, if Plaintiff is limited to sedentary work, once he turns 50, if the Grids may be applied, their application would result in a finding of disabled.

[4] Exacerbating the confusion over the number of jobs at the light exertional level in the national economy, the VE's testimony was not only misheard or misunderstood by the ALJ, who recorded 8,000 jobs as 80,000 jobs, but also was mistranscribed in that the original transcript incorrectly reflected "nationally, 1,000 in the United States." Tr. 55. After the issue was raised in Plaintiff's brief, the Commissioner had the recording of the hearing audited, resulting in a corrected transcript, which reflects that the actual testimony was "nationally, 8,000 in the United States." ECF No. 11 (Corr. Tr. 55).

6

significantly from the actual number presented by the vocational expert." Id. A limited remand was ordered to address the error. Id. at *6.

If the Court were to silo its focus on the ALJ's error in finding 80,000 light jobs available to Plaintiff in the national economy, a Cabreja-based remand might well be necessary. While the law permits an ALJ to rely on work that "exists in significant numbers either in the region where [the claimant] lives or in several regions of the country," 42 U.S.C. § 423(d)(2)(A), as in Cabreja, the ALJ here did not rely on the untainted availability of 500 positions in the local economy for the pivotal finding that other work exists in "significant numbers." See 2012 WL 272746, at *3. To the contrary, the ALJ's "other work" finding relies only on the national number, which the ALJ got wrong. Further, as Plaintiff correctly points out, and Cabreja confirms, the Commissioner's regulations do not specify how many jobs is a "significant number" for the purposes of denial at Step Five. 20 C.F.R. § 404.1566. Rather, the decision of what constitutes "significant numbers" is "left to the [ALJ's] common sense in weighing the statutory language as applied to a particular claimant's factual situation." Cabreja, 2012 WL 272746, at *5. In this case, as in Cabreja, that common sense determination was based on an erroneously inflated number of jobs. Therefore, as in Cabreja, a limited remand would be required so that the ALJ could either (1) review the VE's actual testimony and make a new finding whether the actual number (8,000) amounts to "work that exists in significant numbers in the national economy"; or (2) make a finding whether the number of regional jobs (500) amount to a sufficiently "significant" number.[5] See Tr. 23.

---

[5] The Commissioner argues that an alternative path to the conclusion that the ALJ's error is harmless may be based on the VE's actual testimony (8,000 jobs nationally, and 500 jobs regionally), which falls comfortably into a numerical range that courts within this Circuit have routinely approved as sufficiently "significant." See Martin v. Colvin, CIVIL ACTION NO. 4:15-40128-TSH, 2016 WL 5376316, at *14 (D. Mass. Aug. 3, 2016) (occupation with 100 positions in the region and 1,000 nationwide was sufficiently "significant"), adopted by text order, (D. Mass. Aug. 31, 2016); Custodio v. Astrue, C.A. No. 07-11876-MLW, 2010 WL 3860591, at *4-5 (D. Mass. Sept. 27, 2010) (affirming ALJ determination that occupation with 500 jobs regionally was "significant"); Aho v. Comm'r

7

Plaintiff's argument founders because, unlike Cabreja,[6] the job tainted by the error was not the only work that the ALJ found would be available.  See Tr. 23 (finding that claimant could work at sedentary job including, assembler (800 jobs regionally; 40,000-50,000 nationally), packager (200-300 regionally; 25,000 nationally), and inspector (300-400 regionally; 13,000 nationally)).  Because Plaintiff does not dispute the availability of any of these sedentary jobs, the Commissioner argues that a limited remand to correct the error would be futile because, even without the light work, the ALJ's finding remains well supported by this substantial evidence of available work at the sedentary level.[7]  Ward v. Comm'r of Soc. Sec., 211 F.3d 652, 656 (1st Cir. 2000) (quoting Schaal v. Apfel, 134 F.3d 496, 504 (2d Cir. 1998) ("Where application of the correct legal standard could lead to only one conclusion, we need not remand.")); Hatt v. Soc. Sec. Admin. Comm'r, No. 1:13-cv-00335-NT, 2014 WL 4411600, at *6 (D. Me. Sept. 5, 2014) (remand would be futile, even where ALJ did not explicitly adopt vocational expert's testimony about availability of jobs, because "the record supports only a single conclusion at Step 5").  Put differently, because the ALJ's error is harmless, the Commissioner argues that this Court should affirm.

---

of Soc. Sec. Admin., Civil Action No. 10-40052-FDS, 2011 WL 3511518, at *8 (D. Mass. Aug. 10, 2011) (collecting cases finding 110 to 200 regional jobs sufficient, and holding that "100 jobs is sufficient to meet the statutory threshold").  The problem with this approach is that, in each of these cases, the ALJ made the finding that the number of jobs was "significant" in light of the claimant's individualized circumstances.  E.g., Aho, 2011 WL 3511518, at *8 (ALJ must consider claimant's circumstances).  That finding is missing in this case.

[6] Cabreja emphasizes that the job tainted by the error was the only one that the vocational expert found was available in light of the claimant's RFC.  Cabreja, 2012 WL 272746, at *4.  That is, there was no "other work" to be considered.

[7] Plaintiff does not argue that the number of these sedentary jobs is not sufficiently "significant."  Nor could he – over 75,000 jobs is "significant" under any measure.  Bracey v. Sec'y of Health & Human Servs., 33 F.3d 54, 1994 WL 424323, at *3 (6th Cir. Aug. 12, 1994) (unpublished table decision) (75,000 sedentary jobs is significant); Putman v. Astrue, No. 4:07-cv-63, 2009 WL 838155, at *3 (E.D. Tenn. Mar. 30, 2009) (while not an overwhelming number, 75,000 positions in the national economy constitutes "significant work");

8

Plaintiff seeks to sidestep the harmlessness problem posed by the ALJ's reliance on a significant number of sedentary jobs by urging the Court to adopt the reasoning in the Ninth Circuit's Distasio decision. Distasio holds that if an ALJ assigns an RFC between sedentary and light work, but relies only on sedentary jobs at Step Five, the RFC must be adjusted downward to sedentary and the Grid framework may be applied. Distasio, 47 F.3d at 349-50 ("[b]ecause the Secretary failed to produce evidence that any job categorized as light work was available to Distasio, but only produced evidence of sedentary work available to him," ALJ should have relied on the Grids and found claimant to be disabled). Plaintiff contends that, if the Court ignores the light job in reliance on Cabreja, leaving only the VE's testimony regarding sedentary work to support the ALJ's finding that jobs are available in "significant" numbers, Distasio requires reliance on the Grids, which would yield a finding of disabled.

I decline to be guided by Distasio. With the exception of one unpublished decision from the Tenth Circuit, which issued soon after Distasio was decided, Paschall v. Chater, 94 F.3d 656, 1996 WL 477575 (10th Cir. Aug. 23, 1996), Distasio has been soundly rejected by every court outside the Ninth Circuit that has considered the issue. For example, in Anderson v. Comm'r of Soc. Sec., 406 F. App'x 32 (6th Cir. 2010), the Sixth Circuit focused on the regulatory scheme, particularly the sequential framework, which mandates that the ALJ develops the RFC at an earlier stage than Step Five, and held that Distasio got it wrong:

> That is not how the system operates. The RFC is based on the claimant's particular disabilities, an inquiry wholly independent from what jobs are available in the regional and national economy. The VE does not testify as to what the claimant is physically capable of doing, but rather as to what jobs are available, given the claimant's physical capabilities. Thus, in a step-five analysis, the VE's testimony depends upon the RFC and not the other way around.

Id. at 36 (internal citation omitted). Anderson also confirms that, "every court to have considered the [Distasio] argument . . . has rejected its underlying understanding of the law."

9

Id.; accord Branon v. Comm'r of Soc. Sec., 539 F. App'x 675, 681 (6th Cir. 2013) (citing Anderson, 406 F. App'x 32) ("[a]n individual who is limited to light work can generally also perform sedentary work and this does not require or indicate any change to that individual's residual functional capacity").

Tellingly, the only case in this Circuit to have squarely addressed Distasio adopts the approach endorsed by Anderson. Foxworth v. Colvin, 249 F. Supp. 3d 585, 589 (D. Mass. 2017) (citing Distasio, 47 F.3d at 350). In Foxworth, the court noted that the First Circuit understands "the Grid [rules] as a tool of expediency utilized to reduce the need for testimony from a vocational expert when a claimant's traits align neatly with the Grid."[8] 249 F. Supp. 3d at 590 (citing cases). When, as in the instant case, a claimant can perform tasks that fall between the full range of light and sedentary work, the resulting RFC does not "align neatly with the Grid," and the ALJ must rely on testimony from a VE to determine what jobs are available. id. at 589-90; see Heckler v. Campbell, 461 U.S. 458, 462 n.5 (1983) ("the regulations provide that the [Grids] will be applied only when they describe a claimant's abilities and limitations accurately"). And, if the VE testifies that only sedentary jobs would be available despite the ability to do more than sedentary work, the ALJ is not required to adjust the in-between RFC to conform to the VE's testimony. Id. at 588-89; see Tuck v. Colvin, 1:14-cv-000150-EJF, 2016 WL 1228587, at *8-9 (D. Utah Mar. 28, 2016) (listing cases rejecting Distasio; "circling back to apply a [G]rid rule after receiving VE testimony finding existing jobs makes little sense,"

---

[8] Relatedly, cases in this Circuit routinely recognize that an in-between RFC is a permissible construct that should not be translated into a finding limiting the claimant to work at the lower exertional level. See, e.g., Silva v. Berryhill, 263 F. Supp. 3d 342, 349-50 (D. Mass. 2017) (rejecting claimant's argument that his ability to stand/walk for just four hours restricted him to sedentary work); Dubois v. Astrue, No. 11-cv-263-JL, 2012 WL 2357258, at *5 (D.N.H. June 20, 2012) (rejecting claimant's argument that his ability to stand or walk for only three hours per day compelled a finding that he could do no more than sedentary work).

10

because "the VE testimony provides better evidence to support the ALJ's decision than a [G]rid rule not specifically tailored to the individual claimant").

I find that this case must be decided based on the analysis deployed by these courts, particularly Anderson and Foxworth.  With Distasio out of the picture, the ALJ's finding that Plaintiff's RFC permitted less than the full range of light work, but more than just sedentary work, is unchallenged, as is his finding that, with the in-between RFC, Plaintiff can perform sedentary jobs identified by the VE that exist in significant numbers in the national economy.  There is no need to go further.  Despite the error in finding an inflated number of light jobs in the national economy, the ALJ's decision is otherwise consistent with the law and well supported by substantial evidence.  I recommend that it be affirmed.

**V.     Conclusion**

Based on the foregoing analysis, I recommend that Plaintiff's Motion to Reverse the Decision of the Commissioner (ECF No. 8) be DENIED and Defendant's Motion for an Order Affirming the Commissioner's Decision (ECF No. 12) be GRANTED.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting party.  See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision.  See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
July 13, 2018